IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CALVIN JEROME JACKSON, JR.,

    Petitioner,

v.

STEVE FRANKE,

    Respondent.

Civil No. 2:14-cv-00931-PA

OPINION AND ORDER

    KRISTINA HELLMAN
    Assistant Federal Public Defender
    101 SW Main Street
    Suite 1700
    Portland, OR  97204

        Attorney for Petitioner

    ELLEN F. ROSENBLUM
    Attorney General
    NICK M. KALLSTROM
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, OR  97301

        Attorneys for Respondent

1 - OPINION AND ORDER -

PANNER, Judge.

Petitioner, an inmate at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus is DENIED.

## PROCEDURAL BACKGROUND

On January 11, 2005, a Multnomah County grand jury indicted petitioner on seven counts of Rape in the First Degree, three counts of Rape in the Second Degree, and one count of Sodomy in the First Degree against two of Petitioner's daughters and a niece. Resp. Exh. 102. Following a bench trial, the trial judge convicted petitioner on three counts of Rape in the First Degree and two counts of Rape in the Second Degree against one of petitioner's daughters.[1] Resp. Exh. 101. The trial judge sentenced petitioner to a total of 435 months of imprisonment. Resp. Exh. 101.

Petitioner filed a direct appeal, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court dismissed review. *State v. Jackson*, 227 Or. App. 506, 206 P.3d 286 (2009), *rev. dismissed*, 347 Or. 534, 225 P.3d 44 (2010). Petitioner then sought state post-conviction relief ("PCR").

---

[1] The trial judge also convicted petitioner on two charges of Rape in the First Degree against his niece; petitioner does not challenge those convictions. The judge acquitted petitioner of the charges involving his other daughter.

2 - OPINION AND ORDER -

Following an evidentiary hearing, the PCR trial court denied relief. Resp. Exh. 124. Petitioner appealed, but again the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *Jackson v. Franke*, 258 Or. App. 907, 313 P.3d 1148, *rev. denied*, 354 Or. 597, 318 P.3d 749 (2013).

On June 9, 2014, petitioner filed his *pro se* Petition for Writ of Habeas Corpus in this court, alleging three grounds of ineffective assistance of trial and appellate counsel:

> **Ground One:** The original trial court erred in overruling defense counsel's objection to the admission of testimony from a pediatric nurse practitioner who had participated in the CARES evaluation of the alleged victim, and the nurse practitioner's diagnosis of sexual abuse. Petitioner's initial-review collateral proceeding attorney failed to raise and preserve the issue of ineffective assistance of direct appeal counsel for failing to brief and frame the issue of the nurse practitioners's testimony being a violation of petitioner's federal due process rights to a fair trial in a fair tribunal.
>
> **Ground Two:** Petitioner established the fact that his trial counsel failed to conduct any investigation into where one of the victims was living at the time of several of the alleged incidents. Had trial counsel conducted the investigation then petitioner would have been able to present an alibi defense to counts 4 and 5. Counsel's failure to investigate was prejudicial since the victim's recollection and credibility were important considerations for the trier of fact. Trial counsel's representation was deficient and the failure to adequately investigate prejudiced petitioner at trial.
>
> **Ground Three:** During trial the state moved to amend the indictment. This amendment was the state's effort to cure defects in the victim's testimony about residential locations and timelines during the alleged criminal acts. Petitioner went into trial expecting he had an

3 - OPINION AND ORDER -

> alibi defense to counts 4 and 5. A change in the victim's story and resultant state amendment of the criminal charges was prejudicial. Had trial counsel taken the time, either before trial, or during trial to investigate the victim's statements, he would have discovered a way to challenge her version of events. The failure to move for a continuance after the amendment prejudiced petitioner since an adequate investigation would have provided valuable impeachment evidence and called into question the guilt findings on counts 1, 6, or 7, as well as counts 4 and 5.

This court appointed counsel to represent petitioner. Petitioner's Brief in Support of the petition addresses only the claims alleged in Grounds Two and Three. Respondent contends Petitioner waived the claim alleged in Ground One and that the state PCR court's decision denying relief on the claims alleged in Grounds Two and Three was not contrary to or an unreasonable application of federal law.

## DISCUSSION

### I.  Grounds Two and Three

#### A.  Legal Standards

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.

4 - OPINION AND ORDER -

§ 2254(d). The state court's findings of fact are presumed correct, and a petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Section 2254(d) is a "'guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Hibbler v. Benedetti*, 693 F.3d 1140, 1148 (9th Cir. 2012) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)) (additional internal quotation omitted), *cert. denied*, 133 S. Ct. 1262 (2013). "'[T]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Id.* at 1146 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

A state court acts "contrary to" clearly-established federal law if it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if it decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly-established federal law if the court: (1) identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts of the prisoner's case; or (2) either unreasonably refuses to extend

5 - OPINION AND ORDER -

the governing legal principle or unreasonably extends it to a new context where it should not apply. *Id.* at 407, 413. Under this standard of review, a federal court may not issue a writ of habeas corpus because it concludes the state court applied clearly-established federal law erroneously or incorrectly; the state court decision must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

A claim of ineffective assistance of counsel requires the petitioner to prove that counsel's performance was deficient, and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1987); *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390-91. If there is a failure of proof on either prong, habeas relief is not warranted. *Murray v. Schriro*, 746 F.3d 418, 457 (9th Cir. 2014).

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, or what "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. Reasonableness is judged as of the time of counsel's conduct, not in hindsight. Id. at 689-90.

Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. "The standards created by Strickland and § 2254(d) are both 'highly

6 - OPINION AND ORDER -

deferential,' and when the two apply in tandem, review is 'doubly' so[.] When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington*, 562 U.S. at 105 (citations omitted).

### B. Analysis

In Grounds Two and Three of his petition, petitioner alleges that trial counsel was constitutionally ineffective for (1) failing to investigate where his daughter lived at the time of some of the incidents, and (2) failing to request a continuance mid-trial to conduct further investigation, which he contends would have uncovered impeachment evidence. The PCR court denied relief on both grounds.

At trial, petitioner's daughter testified that she was in the second grade and believed she was seven or eight years old when petitioner first raped her. Tr. Vol. I, pp. 70-72. She said she lived with her mother at the Tamarack apartments when the abuse first occurred and explained that, at times, petitioner lived with them at the Tamarack apartments. Tr. Vol. I, p. 73. She testified that she could not remember whether petitioner abused her when she was in the third grade, but recalled that the abuse happened "like twice a month" when she was ten years old and in the fourth grade. Tr. Vol. I, p. 75. She stated that at the time

7 - OPINION AND ORDER -

she was in fourth grade she lived with her mother at the Piedmont Town Plaza apartments, and that petitioner would spend time at the apartment, including overnights. Tr. Vol. I, p. 76. Petitioner's daughter testified that no abuse occurred when she was eleven years old because petitioner "wasn't around," but that the abuse occurred again two to three times when she was twelve and in the sixth grade. Tr. Vol. I, p. 81.

The victim's testimony at trial differed from her testimony before the grand jury. There, she testified that petitioner was gone, in jail, during the time she was ten years old, not when she was eleven.[2] Tr. Vol. VI, p. 689. As such, the indictment against petitioner originally reflected that petitioner was charged in Counts 4 and 5 for crimes that occurred between September 1, 2002, and June 15, 2003, and there were no charges for the time period from September 1, 2001, and June 15, 2002. Resp. Exh. 101. At the conclusion of the state's case the prosecutor moved to amend Counts 4 and 5 to change the dates such that the petitioner was charged with raping his daughter between the dates of September 1, 2001, and June 15, 2002, when she was in fourth grade. Tr. Vol. VI, p. 689.

---

[2]Petitioner was incarcerated in the Multnomah County Jail during his daughters entire fifth grade year, and intended to rely upon that alibi as a defense to the charges set forth in Counts 4 and 5.

8 - OPINION AND ORDER -

Trial counsel objected to the amendment on a number of substantive bases. Tr. Vol. VI, p. 689. The trial judge determined that the date was not a material element of the crime and found no showing of prejudice made by petitioner and, therefore, allowed the amendment. Tr. Vol. VI, p. 708.

Before the PCR court, petitioner argued trial counsel failed to conduct an investigation into where and with whom his daughter actually lived during the time period of the original indictment allegations for Counts 4 and 5, and instead relied solely upon the alibi defense of his incarceration for that time period. He further argued that counsel should have moved for a continuance once the trial court granted the motion to amend the indictment in order to address the shift in dates. The PCR trial judge rejected both claims:

> Att[orney] did object to amendment. No other defenses. Investigation done covered new time period, so att[orney] prepared to try case, even with amended dates.
>
> * * *
>
> Insufficient proof of inadequacy in any respect, no prejudice concerning either trial or appell[ate] att[orney].

Resp. Exh. 124, pp. 1-2.

Before this court petitioner contends the PCR trial judge's ruling was based on an unreasonable determination of the facts in light of the evidence presented to it. 28 U.S.C. § 2254(e)(1).

9 - OPINION AND ORDER -

He argues that the PCR judge's finding was contrary to trial counsel's statements at the PCR hearing that he did not think the places petitioner's daughters lived during each year was important and that he did not investigate that aspect of the case. However, trial counsel also testified at the PCR trial that his investigator contacted "every family member that was mentioned" and "either interviewed them or attempted to interview them to see if there was contrary evidence, such as the child recanting or that someone would say whether [petitioner] was never around a particular home during a particular period of time." Resp. Exh. 123, p. 10. Counsel also testified that his pre-trial investigation had encompassed the relevant time period of the amended Counts 4 and 5 of the indictment. Resp. Exh. 123, p. 11. The PCR trial judge was not objectively reasonable in crediting that testimony or concluding that counsel's investigation covered the time period set forth in the amended indictment. Petitioner has failed to demonstrate to this court that trial counsel's representation was constitutionally deficient.

Moreover, petitioner has failed to demonstrate that there is a reasonable probability that, but for the representation he received from counsel, the trial judge would have found him not guilty of the charges for which he was convicted. The PCR court's conclusion that trial counsel was not constitutionally ineffective is neither contrary to, nor an unreasonable application of clearly

10 - OPINION AND ORDER -

established federal law. Accordingly, petitioner is not entitled to habeas corpus relief on the claims alleged in Grounds Two and Three.

## II.  Ground One

As noted, in his Brief in Support petitioner does not address the claim alleged in Ground One. A petitioner seeking federal habeas relief bears the burden of showing the court he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004), *cert. dismissed*, 545 U.S. 1165 (2005). Pursuant to 28 U.S.C. § 2248, "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." Upon a thorough review of the record, the court finds petitioner has not met his burden of showing he is entitled to habeas corpus relief under § 2254 on the claim alleged in Ground One.

## CONCLUSION

For these reasons, the court DENIES the Petition for Writ of Habeas Corpus and DISMISSES this action.

11 - OPINION AND ORDER -

The Court DENIES a certificate of appealability as petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___6___ day of July, 2016.

_____
Owen M. Panner
United States District Judge